LAW OFFICE
OF
**B. ALAN SEIDLER**
580 BROADWAY
NEW YORK, NEW YORK 10012

TELEPHONE
(212) 334-3131
(888) 247-0243
FACSIMILE
(212) 334-2211

February 29, 2012

Hon. Shira A. Scheindlin
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      re: USA v. Kamara
         10 cr 1303 (SAS)

Dear Judge Scheindlin;

      Letters on behalf of Mr. Sillah have previously been submitted to the Court.

      Concerning the Presentence Report:

      Paragraphs 11-32, and all related paragraphs - Mr. Sillah denies all allegations of his criminality.

      Mr. Sillah believes the law of sentencing is now as follows. In <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), the Supreme Court ruled that the Washington State sentencing structure violated the Sixth Amendment right to trial by jury because it permitted a Judge to impose a sentence in excess of the statutory maximum. The Blakely, supra. decision repeats the rule expressed in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. The January 12, 2005, Supreme Court decision in <u>USA v. Booker</u>, and <u>USA v. Fanfan</u>, 125 S. Ct. 738 (2005),

concluded that the Sixth Amendment as construed in <u>Blakely v. Washington</u>, supra. applies to the Federal Sentencing Guidelines. The <u>Booker</u> Court held the mandatory application of the sentence guidelines to be unconstitutional.

In <u>Booker</u>, supra. the Supreme Court further held that 18 USC @ 3553(b)(1) which makes the Federal Sentencing Guidelines mandatory, is incompatible with the Sixth Amendment jury trial holding and therefore must be severed and excised from the Sentencing Reform Act of 1984. Section 3742(e), which depends upon the Guidelines mandatory nature, also must be severed and excised. While the Guidelines no longer play a mandatory role at sentencing judges are required to "consider the Guidelines' sentencing range established for ... the applicable category of offense committed by the applicable category of defendant' @3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims @@3553(a)(1),(3),(5)-(7) (main ed. And Supp. 2004)." <u>United States v. Booker</u>, 125 S. Ct. 738, 764 (2005).

In sentencing defendants, district courts should consider the factors set forth in 18 USC @ 3553(a). The statute provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and the statute then sets forth 7 specific considerations:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of services available;

(4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

On December 10, 2008, in Kimbrough v. United States, 128 S.Ct. 558 (2007), the United States Supreme Court ruled that the Guidelines are but one factor, with no primacy, that the District Court must consider in its "individualized assessment" regarding sentencing. The Guidelines are just the "starting point and the initial benchmark" in the sentencing calculus.

Sillah is a legal resident of the United States, and a long-time resident of New York City.

Sillah's mother, Miriam Sillah, is 80 years old and lives in Gambia.

Sillah has no prior arrests.

Sillah married Margaret Anden in 2007, and they have an approximate 15 months old daughter, Samirah Sillah. At all times Mr. Sillah has emotionally and financially supported his family, and has been a constant presence in their lives.

Sillah is asthmatic, and is in need of rectal surgery.

Sillah is illiterate, and unschooled.

Sillah has a record of legal employment dating back to 1999, and Sillah pays income

taxes.

Sillah has been incarcerated since July 18, 2011.

There is absolutely nothing in the Sillah family life-style to indicate defendant obtained money by fraudulent conduct.

Mr. Sillah respectfully requests a sentence of TIME SERVED.

## BAIL PENDING APPEAL

Alternately, at the time of sentencing Sillah will move this Court for Bail pending appeal. The legal standard under 18 USC @ 3143(b)(1) is that the court "shall order" detention in the absence of a finding by clear and convincing evidence that: 1) the defendant does not pose a risk of flight or a danger to others; 2) the appeal is not for the purpose of delay; and 3) the appeal presents a "substantial question of law or fact likely to result in a reversal, an order for a new trial or no imprisonment beyond time already served. A "substantial question of law or fact" means a "close question or one that very well could be decided the other way. See, United States v. Randell, 761 F.2d 122, 124 (CA2 1985). The likelihood of reversal is a measure of "the significance of the substantial issues to the ultimate disposition of the appeal." Ibid. at 125.

Here, as aforesaid, Sillah has strong roots in the Southern District of New York, and New York City community. Sillah is a lawful resident of the United States. Sillah is the father of a young child. Sillah pays income taxes. Sillah's wife Margaret was naturalized an American citizen on September 7, 2005. Without a negative incident, Sillah was on bail release status until the jury verdict.

Suretors now willing to co-sign a personal recognizance bond on behalf of Sillah pending appeal include Drame Idrissa [$21,304 earned income]; Margaret Andall [$28,820 earned

income]; Mamadu and Rougi Drame [$24,407 earned income]; Mohamed Kaba [$24,182 earned income].

On appeal Sillah will raise the following substantial issues of law and fact:

1. Kamara is not Sillah. The wrong person was arrested and charged.

2. No surveillance camera recorded the image of Sillah.

3. Trial counsel was ineffective in violation of the Sixth Amendment to the United States Constitution. No exculpatory evidence was presented at Sillah's trial by counsel.

4. The search and seizure of evidence was illegal, and done without a requisite warrant.

Pending appeal Sillah requests his release on a $50,000 personal recognizance bond, co-signed by his wife, and 2 other financially responsible persons, and Sillah's supervision by the probation department.

Very truly yours,

B. Alan Seidler

cc: Probation Officer Simone Belgrave

Foday Sillah

bas/ee